## JAMES TURLEY v. PETER COUCHMAN'S ADM'R.

**Estoppel—Matters of Record.**

One is not estopped by a matter of record in a contest with a stranger who did not act upon admissions contained in such record.

**Estoppel—Statements Made in Another Suit.**

Statements made by defendant in an action by another plaintiff were held not to operate as an estoppel against the defendant in the latter suit, but that they were mere admissions calling for a satisfactory explanation by him.

**Fraud—Defense—Particeps Criminis.**

One who is particeps criminis to a fraud is entitled to no consideration, and cannot make the fraud available as a defense, except by showing that the relief rests on public policy.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

September 14, 1873.

RESPONSE BY JUDGE LINDSAY:

It is not doubted that the records of a suit and the statements therein contained must be regarded as true in all subsequent controversies between the parties litigant relative to the subject-matter of the litigation. The judgment of the court is based upon such statements, and is conclusive for all time to come upon both the complainant and the defendant.

In the suit of *Hally v. Couchman* there was no controversy between Couchman and Turley. The court was not called upon to adjudicate their rights. As between themselves they were not parties litigant, but co-defendants and both interested in the success of the defenses set up by Couchman, and Turley has no more right to ask that Couchman shall be estopped by his answer in that action than any mere stranger would have. The statements made by Couchman are admissions which must be satisfactorily explained, but they do not constitute an estoppel.

In our opinion neither principle nor authority authorizes the conclusion that a party is estopped by matter of record in a contest with a stranger who has not acted upon the admissions therein made. The question of morals arising in this case is one that addresses itself to the court exclusively. Turley being *particeps criminis* to the

fraud, if one was committed, is entitled to no consideration, and can only make that defense available by showing that public policy demands that Couchman's administrator shall not have the relief asked. As stated, in the opinion of this court he did not by his pleading give appellee notice that he would rely upon any such defense.

Couchman, in attempting to prove the trust, did not prove that it was based upon a *turpis causa*, but Turley, in attempting to escape the force of the proof made by appellee, introduces evidence inconsistent with and contradictory of his own pleading to show that on one occasion the existence of a trust apparently created in the best of faith was denied by the party beneficially interested for the purpose of defrauding a creditor and the court asked from this proof to conclude that the trust was created for the fraudulent purpose of shielding the property of the beneficiary from the claims of his creditors. Turley's pleadings sufficiently rebut the presumption upon which the court is asked to act. It is unnecessary to inquire into the proof supporting the claims set up by Turley in his cross-petition. The objection to the filing of this cross-petition should have been sustained in view of the fact that the causes of action attempted to be set out are not sufficiently pleaded. George Andrew Couchman, who is a party to this suit, does not complain on account of the judgment having been rendered in favor of his father's administrator. Petition overruled.

*Turrer, Cornelison, Simpson, for appellant.*

*Reed, Breckenridge, Buckner, for appellee.*